UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
WILKES-BARRE DIVISION

IN RE:

Randy W. Polons,

    Debtor,

_____/

CSMC 2019-RPL7 TRUST,

  Movant,

v.

Randy W. Polons,
Jack N. Zaharopoulos,

    Respondents.

_____/

CHAPTER 13
CASE NO.: 5:24-bk-00794-MJC

Hearing Date: September 24, 2024
Hearing Time: 10:00a.m.
Hearing Location: Max Rosenn U.S. Courthouse 197 South Main Street, rm 247
Wilkes-Barre, PA 18701

## MOTION OF CSMC 2019-RPL7 TRUST FOR RELIEF FROM AUTOMATIC STAY

Movant, CSMC 2019-RPL7 TRUST, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor, Randy W. Polons, filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on April 3, 2024.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. **§** 1334, 11 U.S.C. **§** 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On April 16, 2007, Randy W. Polons executed and delivered a Promissory Note ("Note") and a Mortgage ("Mortgage") securing payment of the Note in the amount of $66,514.78

to HOUSEHOLD FINANCE CONSUMER DISCOUNT COMPANY A true and correct copy of the Note is attached hereto as Exhibit "A."

4. The Mortgage was recorded on April 19, 2007 in Book 3007 at Page 100362 of the Public Records of Luzerne County, Pennsylvania. A true and correct copy of the Mortgage is attached hereto as Exhibit "B."

5. The Mortgage was secured as a lien against the property located in Luzerne commonly known as 1365 Trailwood Lake Rd. Wilkes-Barre Pennsylvania, 18702.

6. The loan was lastly assigned to CSMC 2019-RPL7 TRUST and said Assignment of Mortgage was recorded with the Luzerne Recorder of Deeds on May 12, 2023 in Book 3023 Page 82102. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "C".

7. Based upon the Debtor(s)' Chapter 13 Plan (Docket No.{_19_}), the Debtor intends to cure Secured Creditor's pre-petition arrearages within the Chapter 13 Plan and is responsible for maintaining post-petition payments directly to Secured Creditor. A true and correct copy of the Debtor(s)' Chapter 13 Plan is attached hereto as Exhibit "D."

8. Select Portfolio Servicing, Inc. for CSMC 2019-RPL7 Trust is the servicer of the loan described in the Note and Mortgage and, as such, has the authority to initiate the instant action and any foreclosure on the Creditor's behalf.

9. Upon review of internal records, Debtor has failed to make the monthly payments of principal, interest, and escrow in the amount of $499.84 which came due on April 20, 2024 through July 20, 2024. See Exhibit "E."

10. Thus, Debtor(s)' post-petition arrearage totaled the sum of $1,999.36 through July 19, 2024.

11. As of July 19, 2024 the current unpaid principal balance due under the loan

documents is approximately $22,440.89. Movant's total claim amount, itemized below, is approximately $30,304.48. See Exhibit "F."

| | |
|---|---|
| Principal Balance | $22,440.89 |
| Interest (through 7/19/2024) | $2,137.93 |
| Total Fees | $14.52 |
| Recoverable Balance | $5,811.34 |
| Accum Late Charges | $99.96 |
| Suspense Balance | (-$200.16) |
| Total to Payoff | $30,304.48 |

12. According to the Debtor(s)' schedules, the value of the property is $122,850.00. A true and accurate copy of the Debtor(s)' Schedule A/B is attached hereto as Exhibit "G."

13. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay for "cause" which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from the stay under Section 362(d)(1) is established where a debtor has failed to make installment payments or payments due under a court-approved plan, on a secured debt, or where the Debtor(s) have no assets or equity in the Mortgaged Property.

14. As set forth herein, Debtor has/have defaulted on his/her/their secured obligation as he/she/they has/have failed to make his/her/their monthly post-petition installment payments.

15. As a result, cause exists pursuant to 11 U.S.C. § 362(d) of the Code for this Honorable Court to grant relief from the automatic stay to allow Movant, its successor and/or assignees to pursue its state court remedies, including the filing of a foreclosure action.

16. Additionally, once the stay is terminated, the Debtor(s) will have minimal motivation to insure, preserve, or protect the collateral; therefore, Movant requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

**WHEREFORE**, Movant, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Movant to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and to any such further relief as this Honorable Court deems just and appropriate.

Date: 8/23/2024

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
Attorney for Movant
13010 Morris Rd., Suite 450
Alpharetta, GA 30004
Telephone: 470-321-7112
By: /s/ Michelle L. McGowan
Michelle L. McGowan
PA Bar Number 62414
Email: mimcgowan@raslg.com